IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO.  3:19-00246-06

DENNIS DEIRE MOSLEY, JR.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion in Limine of the United States Regarding Admissibility of Evidence Pursuant to Federal Rule of Evidence 404(b). ECF No. 232. Defendant Dennis Deire Mosely, Jr. opposes the motion. For the following reasons, the motion is **GRANTED.**

Defendant is named in three counts of a nineteen-count third superseding indictment related to an alleged methamphetamine conspiracy with co-defendants George Langford, Calvin Well, and others. Count one charges Defendant with conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846 and Counts Seven and Nine charge Defendant with using a communication facility in committing, causing, and facilitating a felony controlled substance offense in violation of 21 U.S.C. § 843(b). During the course of the investigation, agents used court-authorized wiretaps to intercept communications over telephones used by members of the conspiracy. The Government asserts those communications include evidence that Defendant, Langford, and Wells participated in the conspiracy.

As it is anticipated that Defendant's use of one of the telephones will be at issue at trial, the Government provided notice of its intent to introduce a phone call and testimony

identifying Defendant as using that particular telephone. ECF No. 231. In the recorded phone conversation, a caller, who identifies herself as Defendant's Aunt, states "[y]our parole officer just called my phone." The individual using the phone in question responds, "what'd he say," and the caller replies that the officer asked "[d]o you know Dennis Mosely?" During the conversation, the user confirms the officer is his parole officer and describes the vehicle the officer drives. The Government states it intends to call Scott A. Scislo, a parole officer from Ohio, who will identify Defendant and testify he was Defendant's parole officer and his vehicle was accurately described during the conversation. The Government asserts it will not offer evidence that the parole officer intended to get a warrant for Defendant's arrest or the conduct that resulted in Defendant being placed under supervision.

Pursuant to Rule 404(b) of the Federal Rules of Evidence, evidence of prior crimes, wrongs, or acts may be admissible for the purpose of proving identity. Fed. R. Evid. 404(b) (providing, in part, that evidence of crimes, wrongs, or other acts "may be admissible for another purpose, such as proving . . . identity").[1] In *United States v. McBride*, 676 F.3d 385 (4th Cir. 2012), the Fourth Circuit reiterated the four-factor test courts should employ when determining the admissibility of such evidence:

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

---

[1] Rule 404(b) provides, in relevant part: "

676 F.3d 385, 396 (4th Cir. 2012) (internal quotation marks and citations omitted). The Fourth Circuit also cautioned against misusing such evidence and explained the Government must give notice of its intent to use such evidence and the district court must consider using a limiting instruction to explain the purpose of the evidence. *Id*.

In light of these factors, Defendant concedes in his Response that the phone call establishes his identity and can be found relevant under Rule 401 of the Federal Rules of Evidence.[2] He also concedes Rule 404(b)(2) permits evidence of other crimes, wrongs, or other acts to establish identity. Nevertheless, Defendant argues the Court should exclude the evidence because its probative value is outweighed by unfair prejudice as the evidence may confuse or mislead the jury. The Court disagrees.

Here, the Government intends to introduce a significant number of communications linked to the telephone in question and seeks to establish Defendant used that phone during the conspiracy. The Government asserts, however, it will not introduce evidence regarding why Defendant was on supervision or the officer's intent to get a warrant. Upon consideration of the evidence and the purpose for which the Government seeks its introduction, the Court initially finds the call and the parole officer's testimony is relevant, necessary, reliable, and highly probative to establish identity and an essential element of a claim at trial. Additionally, the Court observes it is not being used to establish character or conformity with prior acts. As to any unfair prejudice

---

[2]Rule 401 states: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Defendant may experience, the Court finds the risk is low and, to extent there is a risk, the Court can provide the jury with a limiting instruction. Thus, given these considerations, the Court concludes that the probative value of the evidence is not substantially outweighed by the danger of confusion or unfair prejudice.

Accordingly, the Court **GRANTS** the Motion in Limine of the United States Regarding Admissibility of Evidence Pursuant to Federal Rule of Evidence 404(b). ECF No. 232.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:        June 25, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE